## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **DEONTA JEROME HICKS**, | ) | |
| Plaintiff, | ) | Civil Action No. 7:22cv00235 |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| **STACY DAY, et al.**, | ) | By:   Pamela Meade Sargent |
| Defendants. | ) | United States Magistrate Judge |

This matter is before the court on plaintiff Deonta Jerome Hicks's motion seeking preliminary injunctive relief, (Docket Item No. 67) ("Motion"), in this civil action filed under 42 U.S.C. § 1983. Having reviewed the Motion, the court concludes that there is no basis for granting the requested relief and, therefore, will deny the Motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a "clear showing" that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812. Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant preliminary injunctive relief. *See Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). Further,

an interlocutory injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *See Omega World Travel, Inc. v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). The movant must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *See Omega World Travel, Inc.,* 111 F.3d at 16*; In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc.*, 111 F.3d at 16; *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

In his underlying complaint, Hicks alleges that the defendants, two unit managers at Red Onion State Prison, ("Red Onion"), retaliated against him by filing false disciplinary charges against him and removing him from (and failing to return him to) the Positive Behavior Unit at Red Onion, after he complained about black mold in the prison. After filing this action, Hicks was transferred to River North Correctional Center, ("River North"). *See* Docket Item No. 37.

In his Motion, Hicks complains about his conditions of confinement at River North. He also asserts that staff at River North are denying him due process and equal protection and retaliating against him based on this lawsuit against Red Onion staff. As relief, Hicks asks the court to order that his job as a "nighttime sanitation kitchen" worker be reinstated with backpay, his housing be reassigned, disciplinary offenses be removed from his record, and he be given an "interim review." (Docket Item No. 67 at 5-6.)

Having reviewed the Motion, the court finds that Hicks's allegations regarding his confinement at River North are not related to the claims in his underlying lawsuit and, thus, he has not established the requisite relationship between the injury claimed in the Motion and the conduct giving rise to the complaint. Moreover, Hicks's allegations do not clearly show that he is likely to

suffer "actual and imminent" irreparable harm in the absence of the preliminary injunction or that he is likely to succeed on the merits of his claims. Finally, it is clear that the defendants in this action would not be able to provide Hicks with the relief he seeks at River North.

Accordingly, it is hereby **ORDERED** that the Motion is **DENIED**.[1]

The Clerk shall send a copy of this Memorandum Order to all counsel of record and unrepresented parties.

**ENTERED**:  December 6, 2023.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

---

[1] Nothing in this Memorandum Order prohibits Hicks from pursuing a separate civil action concerning his allegations in his motion, after he has exhausted available administrative remedies.